IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LADERRICK D. CALDWELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv133-VPM |
| ) | [WO] |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaDerrick D. Caldwell ["Caldwell"] filed this action seeking review of a final decision of the defendant ["Commissioner"] (Doc. # 1) pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) (2000).  Upon review of the record and the briefs submitted by the parties, the court concludes that the Commissioner's decision should be reversed and remanded for further proceedings.

**I.  FACTS AND PROCEDURAL HISTORY**

Caldwell contends that he is entitled to disability benefits due to traumatic injuries sustained in multiple vehicle accidents, the first one of which resulted in "massive abdominal wall disruption, perforated bowel," and a fractured vertebra that required extensive surgery (R. 116-229).[1]  Then 16 years old, Caldwell, who had been ejected from the vehicle when

---

[1] The ALJ accurately described Caldwell's back surgery as "posterior [iliac] fusion and segmental instrumentation" along his thoracic and lumbar spine and "decompression of [the] L3" vertebra (R. 18).

the seatbelt he was wearing apparently broke from the impact (R. 134), also was diagnosed with Post Traumatic Stress Disorder ["PTSD"] for which the attending hospital's "behavioral medicine team" followed him "closely"(R. 224).[2]

Caldwell's application was denied initially, and Caldwell requested a hearing before an Administrative Law Judge ["ALJ"] (R. 23–27; 33). Following the hearing, ALJ Michael D. Anderson issued an opinion denying benefits (R. 14-22). After receiving additional evidence the Social Security Administration's Appeals Council ["AC"] denied Caldwell's request for review, rendering the ALJ's decision the final decision of the Commissioner (R. 6-9). Caldwell then filed this timely lawsuit (Doc. # 1).

## II.  STANDARD OF REVIEW

The district court's review of the Commissioner's decision is a limited one. Reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Miles v. Chater*, 84 F. 3d 1397, 1400 (11th Cir. 1996) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). The court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied," *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999) (citing

---

[2] Although the court thoroughly reviewed the entire record, the parties' arguments and, accordingly, the focus of this opinion are limited to the evidence concerning Caldwell's mental health (Docs. ## 10, 11, 15).

*Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997)).[3] This is true despite the existence of substantial evidence "contrary to the findings of the ALJ." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). "There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." *Miles*, 84 F. 3d at 1400 (citations omitted).

### III. DISCUSSION

*A. Standard for Determining Disability*

An individual who files an application for Social Security disability benefits must prove that she is disabled, which means that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a) (2004).

The regulations governing disability determinations provide a five-step sequential evaluation process that the ALJ must follow to determine whether a claimant has proven that

---

[3]In *Graham v. Apfel*, 129 F. 3d at 1422, the Court of Appeals stated that:

> Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See* *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

he is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also* **Ambers v. Heckler**, 736 F.2d 1467, 1469 (11th Cir. 1984); **Williams v. Barnhart**, 186 F. Supp. 2d 1192, 1195 (M.D. Ala. 2002).  If the claimant is not currently engaged in substantial gainful activity, the ALJ must determine whether he suffers from a severe impairment that has lasted or is expected to last 12 months or more.  §§ 404.1509, 416.909, 404.1520(a)(4)(I)-(ii), 416.920(a)(4)(I)-(ii).  If so, and the impairment(s) is of such severity as to meet or medically equal a condition described in the SSA's "Listing of Impairments," then the claimant will be found to be disabled.  §§ 404.1520(a)(4)(iii); 404, subpt. P, app. 1; 416.920(a)(4)(iii).

If the claimant's severe impairment(s) does not automatically qualify him for disability benefits, the ALJ must then assess his residual functional capacity ["RFC"], which represents "the most [a claimant] can still do despite [his] limitations."  §§ 404.1545(a), 416.945(a).  Considering his RFC, the ALJ must determine whether the claimant is able to perform the physical and mental demands of his past relevant work.  §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If not, the ALJ must determine whether, considering his RFC, age, education, and past work experience, the claimant is capable of performing other jobs available in significant numbers in the national economy.  §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c).

### B. *Application of the Standard: The ALJ's Findings*

After discussing the legal standards and <u>most</u> of the evidence in the record, the ALJ concluded that Caldwell's severe impairments included only his "status post fusion at L2

with Harrington Rod insertion and status post laparotomy secondary to motor vehicle accident trauma" (R. 21). He ultimately concluded that Caldwell could perform jobs available in significant numbers in the national and regional economies (R. 22).

Caldwell disagrees and contends that the ALJ erred by ignoring evidence of his mental impairment(s), failing to order a consultative psychological examination, and failing to obtain existing records pertaining to his mental impairment(s) (Docs. # 10, 15). Although Caldwell's legal arguments seem somewhat misdirected, the court agrees that the ALJ's failure to consider the evidence of his mental impairment(s) and evaluate the severity of condition(s) warrant reversal and remand for further proceedings. The court further concludes that the record, as currently constructed, is an insufficient basis for the requisite evaluation.

C.  *Analysis*

When diagnosing Caldwell with PTSD and noting the concern of the behavioral medicine team, William Rogers, M.D., also noted that Caldwell, upon discharge from the hospital following the first accident, was to continue with "behavior medicine" (R. 224). In addition, Dr. Rogers prescribed Restoril, a "benzodiazepine hypnotic agent" and "central nervous system . . . depressant[]" designed to relieve anxiety and aid sleep. PHYSICIANS' DESK REFERENCE 1874 (58th ed. 2004); National Institutes of Health, *Medline Plus*, *at*

http://www.nlm.nih.gov/medlineplus/druginfo/drug_Qa.html.[4]

Furthermore, Caldwell's mother, who completed a third-party daily activities questionnaire, described Caldwell as sometimes being depressed, due to his inability to play sports as he once did, and preoccupied with concerns about falling (R. 77-78). Although Caldwell did not mention depression or fear in his own daily activities questionnaire, he did acknowledge having a "nervous stomach" (R. 82).[5]

Despite the Commissioner's consideration of Caldwell's PTSD at an earlier stage of the application review (R. 74), the ALJ's opinion mentions nothing of the evidence discussed *supra*.[6] Consequently, he failed to make the threshold determination regarding the severity

---

[4]Whether Dr. Rogers prescribed Restoril for Caldewell's PTSD is not clear from the record. It is nevertheless reasonable to make that assumption, and the ALJ's failure to offer an opinion on the subject leaves the court no reason to assume otherwise.

[5]The court notes that the ALJ found Caldwell's allegations only partially credible because they were not supported by the evidence in the record (R. 20). Caldwell does not challenge this aspect of the ALJ's decision, and the court does not explore the issue other than to note that the record portrays Caldwell as one not inclined to exaggerate his condition. Indeed, the evidence suggests that he may be inclined to minimize the significance of the residual effects of an extremely serious accident. The court therefore encourages the Commissioner to revisit this issue to ensure that the ALJ's conclusion is supportable.

The ALJ's description of Caldwell's testimony as alleging "disabling pain and functional restrictions" (R. 20) appears disingenuous in light of the VE's testimony that Caldwell's allegations would not change his conclusion that Caldwell was able to perform jobs available in significant numbers. In other words, Caldwell's testimony was not as exaggerated as the ALJ suggests. Notably, the ALJ did not attempt to illicit information regarding Caldwell's mental status (R. 310-30).

[6]The court is troubled by what appears to be the ALJ's conscious decision to ignore the relevant evidence, particularly when Caldwell was not represented by legal counsel prior to or at the administrative hearing. For example, the ALJ stated, "The claimant was discharged on August 25, 2000, to the day-hospital program for continue [sic] physical and

of Caldwell's apparent mental impairment(s).  This error warrants reversal and remand. ***Ashford v. Barnhart***, 347 F. Supp. 2d 1189, 1193 (M.D. Ala. 2004) (holding that the ALJ's failure to "explain[] how (and why) the weight of the evidence would not support a finding that bipolar disorder was a severe impairment" in light of evidence that the claimant suffered from the condition constituted reversible error); ***Williams v. Barnhart***, 186 F. Supp. 2d 1192, 1197-98 (M.D. Ala. 2002) (reversing the Commissioner's decision when the ALJ failed to discuss medical conditions evidenced in the record).

Assuming the ALJ's opinion could be read as implicitly concluding that the mental impairment(s) is or was not severe for purposes of step two of the sequential evaluation, this conclusion is not supported by substantial evidence.  Dr. Rogers's discharge summary constitutes the only objective evidence of a mental impairment, and it offers no insight into the severity of the condition or any limiting effect it may have had or may still have on Caldwell's ability to work.  *See, e.g.*, ***Ford v. Sec'y of Health & Human Sacs.***, 659 F.2d 66, 69 (11th Cir. 1981) (holding that the ALJ "failed to fulfill his duty to fully and fairly develop the facts with regard to [the claimant's] alleged mental impairment" when the medical record

---

occupational therapy and wound care" (R. 18).  The relevant record, however, which is the same discharge summary containing the PTSD diagnosis, Restoril prescription and the reference to the hospital's behavior medicine team, states, "The patient will be discharged to our day-hospital program and will continue physical occupational *behavior* medicine" (R. 224) (emphasis added).

Caldwell has not alleged that the ALJ was biased, and the court does not so conclude in this opinion.  His missteps, however, may well support an argument that he was not blindly fulfilling his role, and the Commissioner should be aware of this when deciding how best to proceed on remand.

indicated the existence of a condition and the ALJ "failed to make an express factual finding with regard to [its] . . . severity").

Caldwell's mental condition must be more fully developed in the record, but the court declines to instruct the Commissioner how best to accomplish this objective. It is possible that sufficient documentary evidence regarding Caldwell's condition currently exists and can be obtained, although there is no evidence that the ALJ failed to make every reasonable effort to obtain Caldwell's records. Conversely, documentary evidence may be lacking, in which case the Commissioner more likely than not will need to order a consultative examination.[7] 42 U.S.C. § 421(j); 20 C.F.R. 1519a.

The court concludes merely that the ALL's failure to consider Caldwell's mental impairment(s) was reversible error and that, upon remand, the record regarding his mental impairment(s) must be more fully developed.

## IV.   CONCLUSION

Therefore, it is hereby

ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is REVERSED and REMANDED for further proceedings not inconsistent with this

---

[7]Thus, the court does not conclude that the ALJ should have ordered a consultative examination in the first place, and the evidence was insufficient to allow even a psychiatrist or psychologist to perform the technique required for evaluating mental impairments, though that likely will not be the case once the record is more fully developed. *See* 42 U.S.C. § 421(h); 20 C.F.R. 1520a.

opinion.

      DONE this 22nd day of February, 2006.


                                        /s/ Vanzetta Penn McPherson
                                        VANZETTA PENN MCPHERSON
                                        UNITED STATES MAGISTRATE JUDGE